UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24 B 2578 |
| ROBERT J. MAKUCH, | ) | |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| _____ | ) | |
| | ) | |
| ROBERT J. MAKUCH, | ) | |
| | ) | Adv. No. 24 A 70 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge David D. Cleary |
| GREYMORR REAL ESTATE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on the motion filed by Defendant Greymorr Real Estate LLC ("Defendant") to dismiss ("Motion to Dismiss") the adversary complaint ("Complaint") filed by Debtor Robert J. Makuch ("Plaintiff"). Following the filing of the Motion to Dismiss, the court entered a briefing schedule. Plaintiff filed a response ("Response"), and Defendant filed a reply ("Reply").

Having reviewed the Complaint and the papers submitted in support and in opposition to the Motion to Dismiss, the court will grant the Motion to Dismiss with respect to Counts I and II for lack of standing, and with respect to Count III for lack of subject matter jurisdiction.

## I.   JURISDICTION

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (F). Venue is proper under 28 U.S.C. § 1409(a).

1

## II.   BACKGROUND

On February 23, 2024, Plaintiff filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.  (Complaint, ¶ 4, Adv. No. 24 A 70, EOD 1.)  Plaintiff then filed this adversary proceeding on March 14, 2024, wherein he asserted three counts: avoidance of a preferential transfer under 11 U.S.C. §§ 547(b) and 522(h), avoidance of a transfer under 11 U.S.C. § 548(a)(1)(B), and a takings action under 42 U.S.C. § 1983.  (Complaint, ¶ 21-31, Adv. No 24 A 70, EOD 1.)

These claims are centered around the pre-petition sale of delinquent property taxes to a tax purchaser.  The tax purchaser, Defendant, filed a proof of claim in Plaintiff's bankruptcy case ("Proof of Claim").  The Proof of Claim alleged that Plaintiff was obligated to Defendant for a contingent claim based upon a recorded Tax Deed ("Tax Deed") in the amount of $370,000.  (Case No. 24 B 2578, Claim 7-1.)  In the Motion to Dismiss, Defendant argues that dismissal is required, because Plaintiff lacks standing to assert section 547 and section 548 actions, and the court lacks subject matter jurisdiction over section 1983 claims.  (Motion to Dismiss, Adv. No. 24 A 70, EOD 16, pp. 4, 6, 13.)

### A.   Standard of Review

Defendant requests dismissal of the Complaint pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6).  In resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court considers well-pleaded facts and the reasonable inferences drawn from them in the light most favorable to the plaintiff.  *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).  Every allegation that is well-pleaded by a plaintiff is taken as true in ruling on the motion.  *Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016).  In resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(1), the court accepts

"the well-pleaded facts as true and draw[s] all reasonable inference[s] in [plaintiff's] favor."

*Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023). ‼

To defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable in adversary proceedings by Fed. R. Bankr. P. 7012, a complaint must describe the claim in enough detail to give notice to the defendant. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, the complaint must be "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).

### B.    The Complaint – The Cook County Property Tax Sale

Plaintiff's Complaint and the court docket[1] contain the following factual allegations. Plaintiff resides in a single-family home with his wife and children at 538 E. Prairie, Des Plaines (the "Property"). (Complaint, ¶ 7; Adv. No. 24 A 70, EOD 1.) Plaintiff purchased the Property in 2003 and subsequently recorded a warranty deed for the Property. (*Id.*, ¶ 8.) In 2019, Plaintiff's 2017 taxes on the Property were purchased at tax auction by NAR Solutions, Inc. ("NAR") for $8,449.37. (*Id.*, ¶¶ 10-11.) NAR then filed a petition for tax deed in the Circuit Court of Cook County ("Circuit Court") based on the allegations that it had purchased the Property at a tax sale on May 3, 2019. (*Id.*, ¶ 11.) NAR paid additional taxes accruing on the Property, bringing its total consideration paid to $41,961.02. (*Id.*, ¶

---

[1] The court may take judicial notice of its own docket. *See Collum v. City of Chicago* (*In re Collum*), 649 B.R. 186, 192 (Bankr. N.D. Ill. 2023). Taking judicial notice of the contents of the docket does not trigger the application of Fed. R. Civ. P. 12(d). *See Walden Inv. Group, LLC v. First Nations Bank* (*In re Montemurro*), 580 B.R. 490, 495 (Bankr. N.D. Ill. 2017).

12.)

After filing an "Application for an Order Directing the County clerk to Issue a Tax Deed," NAR filed a motion to substitute party on the basis that it had sold its interest in the Property to Defendant. The motion was granted by the Circuit Court on November 15, 2023. (*Id.*, ¶¶ 13-14.) Defendant recorded the Tax Deed with the Cook County Clerk on February 21, 2024. (*Id.*, ¶ 16.)

As of the petition date, the fair market value of the Property was approximately $370,000. Defendant has acquired the Property for approximately $41,961.02, making it worth substantially more than the amount owed to Defendant. Plaintiff exempted the equity he held in the Property to the full amount allowable under the homestead exemption. (*Id.*, ¶¶ 17-20.) Defendant filed his Proof of Claim on March 18, 2024. (Case No. 24 B 2578, Claim 7-1.)

Plaintiff's Property was not sold at a sheriff sale, nor any auction. The Property was transferred on November 15, 2023, to and for the benefit of Defendant. The transfer was for an antecedent debt of approximately $32,231.15 owed by Plaintiff to Cook County for property taxes for the years 2018-2023. The transfer of the Property was made while the debtor was insolvent, and the transfer was made within 90 days before the date of the filing of the bankruptcy case. The transfer of this Property enabled Defendant to receive a windfall of $370,000 in property value. This amount is more than Defendant would have received under a chapter 7 bankruptcy case. (Complaint, First Count, ¶¶ 22-27; Adv. No. 24 A 70, EOD 1.)

The transfer of Plaintiff's Property to Defendant was made within two years of the petition date. Plaintiff received less than the reasonably equivalent value for the transfer and

4

was insolvent on the date of the transfer. (*Id.*, Second Count, ¶¶ 23-25.)

Plaintiff further asserted that Defendant was acting under color of state law by acquiring Plaintiff's Property. Defendant's actions directly and proximately caused the deprivation suffered by the Plaintiff. (*Id.*, Third Count, ¶¶ 29-30.)

### III.    LEGAL DISCUSSION

Defendant contends that Plaintiff lacks standing to bring any of the three counts in the Complaint and this court lacks subject matter jurisdiction as to Count III. Motion to Dismiss, Adv. No. 24 A 70, EOD 16, p. 4, 15. Although Defendant concedes that Plaintiff adequately pleaded causes of action in Counts I and II, Defendant disputes whether Plaintiff was insolvent, an element necessary to succeed on both claims, and thereby requests dismissal. *Id.*

### A.  Counts I and II - Avoidance of Preferential Transfers and Fraudulent Conveyances

Both sections 547 and 548 of the Bankruptcy Code empower a trustee to pursue avoidance of preferential transfers and fraudulent conveyances. 11 U.S.C. §§ 547, 548. Section 103 of the Code makes chapter 5 of the Bankruptcy Code, including avoidance actions, applicable in chapter 13 cases. 11 U.S.C. § 103. However, in contrast to other chapters of the Bankruptcy Code, chapter 13 does not directly expand the power to utilize the chapter 5 avoidance actions beyond the trustee to the debtor.[2] In fact, section 1303 provides only limited powers that a debtor may assert.

> Subject to any limitations on a trustee under this chapter, the debtor shall have,
> exclusive of the trustee, the rights and powers of a trustee under sections
> 363(b), 363(d), 363(e), 363(f), and 363(l), of this title.

11 U.S.C. § 1303.

---

[2] Section 1107 provides the debtor in possession in chapter 11 with the rights to pursue chapter 5 actions. 11 U.S.C. § 1107. Section 1203 provides chapter 12 debtors in possession with the right to pursue avoidance actions. 11 U.S.C. § 1203. Further, section 1181 provides debtors in subchapter V of chapter 11 with the right to bring avoidance actions by incorporating section 1107. 11 U.S.C. § 1184.

In order to pursue chapter 5 avoidance actions, a chapter 13 debtor cannot simply proceed under sections 547 and 548 without establishing standing to bring those actions.

1. **Count I – Standing - Plaintiff did not Plead Standing to bring a Preference Claim**

Count I seeks relief under sections 547(b) and 522(h) to avoid a preferential transfer and to recover that transfer pursuant to section 550[3] for both the debtor and the estate.

> (b) Except as provided in subsections (c) and (i) of this section, the *trustee* may, based on reasonable due diligence in the circumstances of the case and considering a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property—
>
> > (1) to or for the benefit of a creditor;
> >
> > (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> >
> > (3) made while the debtor was insolvent;
> >
> > (4) made--
> >
> > > (A) on or within 90 days before the date of the filing of the petition; or
> > >
> > > (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> >
> > (5) that enables such creditor to receive more than such creditor would receive if--

---

[3] Defendant's argument that section 550 is irrelevant is misplaced. *See* Reply, Adv. No. 24 A 70, EOD 28, p. 5. Section 522(g) allows a debtor to assert an exemption on property recovered by the trustee. 11 U.S.C. § 522. Defendant asserts that there is no available relief under section 522(g) because it refers to section 550, rather than sections 547 or 548. *Id.* Sections 547 and 548 allow a trustee to avoid certain transfers, and section 550 enables a recovery of the transfer or damages. 11 U.S.C. § 550; *see also* 11 U.S.C. § 522(i). Thus, if the trustee avoids a transfer and recovers, then section 522 permits a debtor to exempt the property. 11 U.S.C. § 522. In Count I, however, Plaintiff did not allege that he has the requisite derivative standing. If Plaintiff did so, and pursued the action and recovery under sections 547 and 550, then section 522(g) would permit claim to his exemption on the recovery. *Id.* The balance of any recovery beyond the exemption, if any, would inure to the estate for distribution under a plan. Here, the Plaintiff is attempting to use section 522(h) to obtain standing to bring the action. If recovered, the Plaintiff asserts that section 522(h) allows his exemption on such a recovery. *Id.* Section 522(j) limits a debtor's entitlement in a recovery to his exemption. *Id.*

6

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent
provided by the provisions of this title.

11 U.S.C. § 547(b) (emphasis added).

If "a statute's language is plain, the sole function of the courts —at least where the

disposition required by the text is not absurd— is to enforce it according to its terms." *Hartford*

*Underwriters Insurance Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (internal

quotations omitted). By its own terms, the only party with direct avoidance power is the trustee.

11 U.S.C. § 547(b).

Although the title of Count I in the Complaint declares that it is also based on section

522(h), the allegations in the Complaint do not support that conclusion. Complaint, First

Count, Adv. No. 24 A 70, EOD 1. The Complaint does not plead the facts supporting a

claim for relief under section 522(h). Section 522(h) provides:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to
the extent that the debtor ***could have exempted*** such property under subsection
(g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section
544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee
under section 553 of this title; ***and***

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C. § 522(h) (emphasis added). Courts in the Seventh Circuit have outlined the

requirements for adequately pleading the section 522(h) conditions: "(1) the transfer must not

have been voluntary on the part of the debtor; (2) the debtor must not have concealed the

property; (3) the trustee must not have attempted to avoid the transfer; (4) the transfer must be

avoidable under one of the trustee's powers listed in section 522(h)(1); and (5) the property must be a kind the debtor is able to exempt." *In re Cramer*, 393 B.R. 611, 614 (Bankr. N.D. Ill. 2008).

Section 522(h) allows a debtor to pursue avoidance of a preferential transfer *if* the transfer would be avoidable under section 547 *and* the trustee does not attempt to bring the same action. 11 U.S.C. § 522(h); *In re Bennett*, 35 B.R. 357, 359 (Bankr. N.D. Ill. 1984). Plaintiff properly pleaded the elements of a section 547 action. Plaintiff pleaded the following: that the transfer of the property by the court order on November 15, 2023 was "to and for the benefit of Greymorr[,]" that the transfer "was for an antecedent debt of approximately $32,231.15[,]" the transfer was made "while [Plaintiff] was insolvent," the transfer was "deemed made within 90 days before the date of the filing of [the petition]," and the "transfer enabled [Defendant] to receive…more than such creditor would" normally. Complaint, First Count, ¶¶ 22-27; Adv. No. 24 A 70, EOD 1.

However, Plaintiff did not allege that the trustee was not bringing the action, nor did Plaintiff allege that the trustee refused a demand to bring such an action. The failure to plead these requirements is fatal.

The chapter 13 plan in this case is not yet confirmed, and the plan on file does not specify whether the trustee is bringing any avoidance actions or how any proceeds of an avoidance action would be distributed. Amended Chapter 13 Plan, Case No. 24 B 2578, EOD 83. Nor has Plaintiff confirmed that the trustee or other authorized party will not pursue the avoidance action for the benefit of the estate. The proposed plan does not establish that the trustee will not be attempting to bring the action. *Id.*

Count I will be dismissed for failure to adequately plead standing required to bring an action for avoidance of a preferential transfer pursuant to section 522.

## 2. Count II – Standing - Plaintiff did not Plead Standing to Bring a Fraudulent Conveyance Claim

Count II seeks relief under section 548(a)(1)(B) and recovery for the debtor and the estate. Unlike Count I, it does not allege a cause of action under section 522.

(a)(1) The *trustee* may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—…

> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

>> (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

>> (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

>> (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or

>> (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548(a)(1)(B) (emphasis added).

The Seventh Circuit has determined that "[s]ection 548 unequivocally limits the avoidance powers to the trustee[.]" *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 474 (7th Cir. 1999). As explained above, when a statute's language is plain, the court is to enforce the statute according to its terms. *See Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000). Thus, without a trustee as plaintiff or the court granting derivative

9

authority to the debtor to pursue this type of action, Plaintiff is without standing to bring this claim.

However, in his Response, Plaintiff claims he has derivative standing.  The cases cited by Plaintiff do not support this assertion.  *See* Response, Adv. No. 24 A 70, EOD 26, pp. 7, 15; *see also Morawski v. Effect Lake, LLC.*, No. 20-1125 (Bankr. D.N.J. April 11, 2022).  In *Morawski*, the debtor was granted derivative standing through a consent order entered by that court which conferred the derivative standing to pursue the section 548 action, though only to the extent of the debtor's homestead exemption.  *Morawski*, at 3.  No such consent order exists in this case.

Plaintiff also cites to *Smith v. SIPI, LLC* (*In re Smith*), 811 F.3d 228 (7th Cir. 2016) for the proposition that chapter 13 debtors have derivative standing.  Plaintiff's argument is misplaced; *Smith* explains that section 522(h) gives debtors the avoidance powers of section 548 only to the extent of their homestead exemptions under Illinois law.  Here, Count II is based solely on section 548, not section 522(h).  *See Smith v. SIPI, LLC* (*In re Smith*), 614 F.3d 654 (7th Cir. 2010); *see also Smith v. SIPI, LLC* (*In re Smith*), 811 F.3d 228 (7th Cir. 2016).  When examining the history of the *Smith* cases, it is explained further in the Bankruptcy Court's original decision that section 522(h) still requires a showing that the trustee could have brought the action and had not attempted to do so.  *Smith v. SIPI, LLC* (*In re Smith*), 501 B.R. 843 (Bankr. N.D. Ill. 2013), *rev'd sub nom. Smith v. SIPI, LLC*, 526 B.R. 737 (N.D. Ill. 2014), *rev'd sub nom. Smith v. SIPI, LLC* (*In re Smith*), 811 F.3d 228 (7th Cir. 2016), and *aff'd*, 811 F.3d 228 (7th Cir. 2016).

Derivative standing is the authority to bring avoidance actions when the trustee refuses to do so.  *See Off. Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003).  Although derivative standing may be permitted,

derivative standing requires certain steps: either receiving such standing from the trustee, or through a consent order. *See Cybergenics*, 330 F.3d at 568. Neither situation was pleaded here nor is there any evidence in the record that Plaintiff sought derivative standing from the trustee or the court.

In the Complaint, Plaintiff failed to plead any of the elements required for a section 522 action; specifically, that he sought to have the trustee bring this claim, or that the trustee did not attempt to avoid the transfer. *See In re Cramer*, 393 B.R. 611, 614 (Bankr. N.D. Ill. 2008); 11 U.S.C. § 522. Thus, it appears Plaintiff is seeking to bring the claim independently.

Count II will be dismissed for failure to adequately plead standing required to bring avoidance actions, whether based on derivative standing or pursuant to section 522.

### 3. Counts I and II – 12(b)(6) - Failure to State a Claim

Defendant concedes that Plaintiff adequately pleaded the elements for a preference claim (Count I) and a fraudulent conveyance claim (Count II). Motion to Dismiss, Adv. No. 24 A 70, EOD 16, pp. 4, 15. Defendant, however, challenges whether Plaintiff was insolvent. Motion to Dismiss, Adv. No. 24 A 70, EOD 16, pp. 4, 15; Reply, Adv. No. 24 A 70, EOD 28, p. 13. Proving insolvency is a fact-intensive inquiry and is not decided on a motion to dismiss. The court takes the pleaded allegations in the light most favorable to the plaintiff. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff adequately pleaded Counts I and II. If standing is established in an amended complaint, solvency will be examined with dispositive motions or at trial.

11

**B.  Count III – Cause of Action under 42 U.S.C. Section 1983**

**1.  12(b)(1) – Lack of Subject Matter Jurisdiction**

Defendant contends that the court lacks subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), made applicable by Fed. R. Bankr. P. 7012.  Bankruptcy courts may "hear and determine all cases under title 11, and all core proceedings arising under title 11 or arising in a case under title 11."  28 U.S.C. § 157(b)(1).  Proceedings "arise in" a title 11 case if a claim being brought could only exist inside bankruptcy.  *In re McClelland*, 460 B.R. 397, 401 (Bankr. S.D.N.Y. 2011).  "Arising under" jurisdiction exists for federal question claims that "have their origin in the Bankruptcy Code."  *Id.*  Section 157(a) further provides bankruptcy courts with subject matter jurisdiction over matters "related to" a bankruptcy case only if the matter "would have a 'conceivable effect' on the bankruptcy estate."  *Id.*; 28 U.S.C. § 157(a).

In this case, Defendant contends that because Plaintiff seeks compensatory damages under section 1983, the claim is presumptively not related to the bankruptcy case.  42 U.S.C. § 1983.  The analysis for determining whether a section 1983 claim is within the jurisdiction of a bankruptcy court is based on "related to" jurisdiction.  *In re Old Cutters, Inc.*, 474 B.R. 219, 226 (Bankr. D. Idaho 2012) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995)).  To exercise such jurisdiction, a court must determine whether the outcome of a "proceeding could conceivably have any effect on the estate being administered in bankruptcy."  *Id.*

A review of the Amended Plan, as well as Schedules I and J, shows that there could be subject matter jurisdiction.  The plan is not a 100% plan and therefore a recovery could benefit the estate.  Case No. 24 B 2578, EOD 83, 38, and 1.  The Seventh Circuit has ruled that "related-to jurisdiction must be assessed at the outset of the dispute, and it is satisfied when the resolution [of the proceeding] has a potential effect on other creditors."  *Bush v. United States*, 100 F.4th

807, 813 (7th Cir. 2024).  In fact, Defendant has objected to the plan on the basis that it is not feasible, providing further evidence that a recovery could have some conceivable benefit to the estate.  Motion to Dismiss, Adv. No. 24 A 70, p. 16.  However, even when read most favorably to Plaintiff, the Complaint does not allege the benefit, such as a monetary judgment, would inure to the estate.

Count III will be dismissed for lack of subject matter jurisdiction.

### C.  Leave to Amend

In the Seventh Circuit, leave to amend should "be freely given … [u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted …." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (internal quotations omitted).  Plaintiff is granted leave to amend his complaint.

### IV.    CONCLUSION

For the reasons stated above, the Motion to Dismiss is granted as to counts I and II for lack of standing and to count III for lack of subject matter jurisdiction.  Plaintiff is granted leave to amend.  The court will enter an order, consistent with this ruling.

ENTERED:

Date:February24,2026

_____
DAVID D. CLEARY
United States Bankruptcy Judge

13